IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN ROGERS, | |
| Plaintiff, | **4:23CV3058** |
| vs. | |
| STEVEN E. WOLF, JOHN B. HOLCOMB, DAVID G. BAER, FIONA M. WOOD, AVITA MEDICAL LIMITED, JORG C. GERLACH, RENOVACARE SCIENCES, THE UNIVERSITY OF PITTSBURGH, AGTAC SERVICES LLC, and LEVEL UP HOME PROS INC., | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff sues several individuals and corporate defendants for civil conspiracy and defamation. Filing No. 1 at 2. Plaintiff alleges he has a hereditary skin disease called dishydrotic eczema, pompholyx eczema, or hand eczema. *Id*. Plaintiff asserts that in 2003, he "accidentally discovered" that his hands could heal from a burn injury with no scars. *Id*. After his discovery, Plaintiff began campaigning researchers to study this phenomenon. *Id*. Plaintiff's campaign involved mostly letters and emails sent to various individuals, institutions, organizations, and biotech companies. *Id*.

In Plaintiff's letters, he proposed the idea that pompholyx sufferers lack sweat pores which causes sweat to accumulate within their skin. *Id*. Plaintiff believed that this accumulation caused pompholyx systems. *Id*. Plaintiff also posited that pompholyx symptoms resulted from the body trying to heal itself from non-existent burns. *Id*.

Plaintiff asserts that his ideas on pompholyx and burn healing are legally protected intellectual property. *Id*. He alleges that in 2006, "various defendants" conspired to steal Plaintiff's ideas and used them to create a spray for burns. *Id*. Plaintiff also believes "various defendants" coordinated an elaborate coverup of their intent to use Plaintiff's intellectual property, constituting a civil conspiracy in violation of 18 U.S.C. § 241. Filing No. 1 at 3. Plaintiff also alleges that since 2008, "various defendants" are committing "defamation by omission" against Plaintiff by stealing Plaintiff's intellectual property or by taking credit for the burn spray. *Id*.

Plaintiff seeks an extensive injunction that includes forcing some defendants to give up their patents, some to sever ties with charitable groups, and other defendants to be precluded from hiring employees of the federal government. *Id*. at 45-46. Although not named as Defendants, Plaintiff also seeks to require the United States Government and the governments of Texas and Pennsylvania to immediately cease surveilling Plaintiff. *Id*. at 47. Plaintiff seeks damages in the amount of $2,228,800,000.00. *Id*. at 2.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v.*

*Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted) *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").

Plaintiff's Complaint, even construed liberally, does not comply with the general rules of pleading. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the Complaint is 48-pages long, less than a page of the allegations identify his claims. The rest of the Complaint is a summary of dozens[1] of exhibits that were submitted to the Court on a series of discs. Although Plaintiff's summary follows a loose timeline, he apparently expects the Court and Defendants to sort through his filings to determine what allegations, if any, relate to each Defendant. The Court will not undertake such a task.

Additionally, Plaintiff's allegations, even construed liberally, do not state a claim for which relief can be granted. Plaintiff brings his claim for civil conspiracy under 18 U.S.C. § 241. Section 241 makes it a crime for two or more persons to conspire to violate constitutional or statutory rights. 18 U.S.C. § 241. Plaintiff's claim fails as a matter of law

---

[1] Although the exhibits are numbered through Exhibit 39, many of the exhibits have several subparts. For example, Exhibit 39 contains several exhibits labeled 39a, 39b, 39c, 39d, and 39e.

because § 241 does not create a private right of action. *Wallace v. Yanez*, No. 8:17CV305, 2018 WL 708119, at *2 (D. Neb. Feb. 2, 2018); *see also Mousseaux v. U.S. Com'r of Indian Affairs*, 806 F. Supp. 1433, 1437 (D.S.D. 1992), *aff'd in part, remanded in part sub nom. Mousseaux v. United States*, 28 F.3d 786 (8th Cir. 1994); *Davis v. Sarles*, 134 F. Supp. 3d 223, 228 (D.D.C. 2015).

For his federal defamation claim, Plaintiff cites 28 U.S.C. § 4101, which is the definitions section of the Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH Act"). The SPEECH Act makes foreign defamation judgments unenforceable in the United States unless it can be shown that such judgments satisfy the protections of freedom of speech and press guaranteed by both the First Amendment to the United States Constitution and the constitution of the state in which the domestic court is located. *See* 28 U.S.C. § 4102(a)(1); *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1004 n. 22 (9th Cir. 2013). Section 4101 does not create a federal defamation claim and has no application in this case.

## V. CONCLUSION

Plaintiff's Complaint does not comply with the Federal Rules of Civil Procedure, nor does it allege sufficient facts to state a plausible claim. Thus, no claim is stated upon which relief may be granted. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e). However, out of an abundance of caution, the Court on its own motion will give Plaintiff an opportunity to allege sufficient facts to state an actionable claim for relief.

IT IS THEREFORE ORDERED:

1.      Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.  In the amended complaint, Plaintiff must comply with federal pleading requirements.  Plaintiff is encouraged to use the enclosed Form Pro Se 1 Complaint For a Civil Case.

2.      In the event Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.  Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.      The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

4.      The Clerk of the Court is directed to send to Plaintiff a copy of Form Pro Se 1 Complaint For a Civil Case.

5.      The Clerk of the Court is directed to set a pro se case management deadline using the following text: **November 16, 2023**—amended complaint due.

Dated this 17th day of October, 2023.

                                        BY THE COURT:

                                        Joseph F. Bataillon
                                        Senior United States District Judge

6