IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN ROGERS, | |
| Plaintiff, | |
| vs. | 4:23-CV-3058 |
| THE UNIVERSITY OF PITTSBURG, AVITA MEDICAL LIMITED, RENOVACARE SCIENCES, FIONA M. WOOD, and JORG C. GERLACH, | MEMORANDUM AND ORDER |
| Defendants. | |

    The plaintiff, Kevin Rogers, is a non-prisoner proceeding without payment of fees. He filed a *pro se* complaint in April 2023. Filing 1. After the Court's initial review identified multiple pleading deficiencies, *see* filing 5, the plaintiff filed an amended complaint, filing 7. The Court now conducts an initial review of the plaintiff's amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court finds the plaintiff's amended complaint fails to state any claims upon which relief may be granted, and the complaint will be dismissed without prejudice.

## I. SUMMARY OF COMPLAINT

    The plaintiff alleges he "accidentally discover[ed]" that his skin could heal from a burn injury with no scars, and he "campaigned to interest researchers in studying the phenomenon." Filing 7 at 3. He proposed various ideas, by email and postal letters, to "scientists, institutions, philanthropies, and biotech companies." Filing 7 at 3. The plaintiff speculates that one defendant, Jorg Gerlach, read one of the plaintiff's letters sent to the National

Institute of Health. Filing 7 at 4. Gerlach published several papers about skin burns after the plaintiff sent his letters. *See* filing 7 at 6. Gerlach and some of the other named defendants, and the federal government (not named in this lawsuit), allegedly conducted clinical trials using the plaintiff's "ideas on burn healing." *See* filing 7 at 7.

One defendant, Fiona Wood, allegedly obtained a patent using the plaintiff's ideas. She is also alleged to have lied about the origin of her invention. And, the plaintiff alleges that Wood continues to lie about the availability of the plaintiff's "breakthrough" in scientific research, and she is purportedly responsible for the defendants keeping this alleged medical miracle from the public.

The plaintiff is seeking damages because the defendants allegedly used, and profited from, the plaintiff's ideas, without the plaintiff's knowledge. *See* filing 7 at 17. He effectively asserts the corporate defendants are liable for the acts of the individual defendants. He asserts the defendants violated Nebraska law under a "defamation-by-omission" theory. Filing 7 at 2 (citing Neb. Rev. Stat. § 25-839).

## II. DISCUSSION

A claim of defamation requires: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *E.g., Palmtag v. Republican Party of Neb.*, 999 N.W.2d 573, 587 (Neb. 2024); *JB & Assoc., Inc. v. Neb. Cancer Coal.*, 932 N.W.2d 71, 79 (2019). A statement is defamatory if it tends to harm the reputation of another as to lower him in the estimation of

the community. *JB & Assoc., Inc.*, 932 N.W.2d at 79. A statement *may* be defamatory if it leads to a false impression that would be contradicted by omitted facts. *See, e.g., Mohr v. Grant*, 108 P.3d 768, 827 (Wash. 2005) (en banc) (describing a defamation by omission case); *Janklow v. Newsweek, Inc.*, 759 F.2d 644, 648 (8th Cir. 1985).

The plaintiff has failed to identify any false or misleading statement *concerning the plaintiff*. See *JB & Assoc., Inc.*, 932 N.W.2d at 79. Rather, the plaintiff complains that the defendants failed to mention him at all. The theory that the plaintiff was injured because he did not benefit from the defendants' publications based on his uncredited ideas is not actionable as defamation. The plaintiff has failed, as a matter of law, to state a claim for defamation.

Even liberally construing the facts contained in the plaintiff's complaint, the plaintiff has not stated a claim under any other legal theory. Generally, the law does not protect mere "ideas." Copyright law protects the *expression* of those ideas. *E.g., Cy Wakeman, Inc. v. Nicole Price Consulting, LLC*, 284 F. Supp. 3d 985, 992 (D. Neb. 2018). But nothing in the plaintiff's complaint, or attached exhibits, indicate that he actually developed any technology or conducted any protectible research so as to create a copyrightable expression of his "discovery." *See Allen v. Patton*, No. 21-cv-3457, 2021 WL 2292656, at *2 (S.D.N.Y. June 3, 2021).

The plaintiff's complaint might also be construed to allege the defendants misappropriated a trade secret. But by definition, such an idea must be kept *secret, see* Neb. Rev. Stat. § 87-502, and the plaintiff alleges that he voluntarily and willingly submitted his ideas to many, many others. *See* filing 7 at 2. The plaintiff has not alleged the existence of any protectible trade secret.

3

"Defamation-by-omission" might be construed as a claim for fraudulent concealment. The plaintiff might be asserting that the defendants perpetrated a fraud on the medical community by concealing the fact that the plaintiff discovered the new burn treatment. But there is no actionable fraud alleged— the plaintiff claims to be the only one to know the truth, so it cannot be said that he relied, to his detriment, on any statements by the defendants. *See, e.g., Knights of Columbus Council 3152 v. KFS BD, Inc.*, 791 N.W.2d 317, 334 (Neb. 2010). And the plaintiff does not have standing to bring a fraud claim on behalf of unknown or generic third parties. *See, e.g., Kowalski v. Tesmer*, 543 U.S. 125, 129-130 (2005).

For these reasons, the plaintiff has failed to state a claim upon which relief may be granted. Consequently, the plaintiff's complaint is subject to dismissal under § 1915(e).

IT IS ORDERED:

1. The plaintiff's complaint (filing 7) is dismissed without prejudice.

2. A separate judgment will be entered.

Dated this 13th day of May, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge

4